DETERMINED IN THE

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

September, 1880.

---

ANNA C. CENTER, BY HER GUARDIAN, &C., APPELLANT, v. MARTIN V. B. FINCH, AS ADMINISTRATOR, AND HARRIET I. SPROAT, AS ADMINISTRATRIX, &C., OF HENRY SPROAT, DECEASED, RESPONDENTS.

*Guardian to sell real estate of infant—bond of—when it should be executed—takes effect from time of its delivery—when an accounting by the guardian need not be had before suing the sureties on his bond.*

On September 18, 1867, the plaintiff being then an infant about six years old, and being seized of certain real estate, her mother signed and verified a petition asking for leave to sell the same, and proposing the name of M. V. B. Finch as a special guardian, and Henry Sproat and another, as sureties for him. On February 4, 1868, the proposed special guardian and his sureties signed and acknowledged a bond conditioned that the former " should faithfully perform the trust reposed in him as the guardian of " the infant. On February 21 the petition and bond were presented to the court, by which the bond was approved and the usual order, appointing Finch a guardian, was made. The estate was sold and the proceeds of sale were paid to M. V. B. Finch as special guardian.

In an action upon the bond, against the sureties thereon,

*Held,* that although a bond of the character of the one in question should be executed after, and not before, the granting of the order appointing the

guardian, yet it was not necessarily void because signed and acknowledged previously thereto.

That the delivery of the bond in question appeared by its approval and filing to have occurred after the application had been granted, and that the bond then took effect and became valid.

Upon the trial of this action it appeared that, upon a petition alleging that the guardian had received and converted to his own use certain moneys of the infant, an order was made requiring him to make a full report of his proceedings and render an account of the funds which he had received, and to show cause why he should not be required to pay into court the moneys found to be in his hands. The petition and order having been personally served on the guardian, and he having failed to appear on the return day thereof, an order was made requiring him to pay into court the amount alleged to be due in the petition. He having failed to comply therewith, this action was, in pursuance of an order of the court, brought upon his bond.

*Held*, that a nonsuit, ordered on the ground that there had been no accounting by the guardian before the commencement of the action, was erroneous, and that the judgment entered on such order should be reversed.

APPEAL from a judgment in favor of the defendants, entered upon a nonsuit directed at the Circuit.

Prior to September 18, 1867, the plaintiff, Anna C. Milk, then an infant about six years old, was the owner of certain real estate in the town of Pittstown, in the county of Rensselaer. On the day above named the mother of the said infant signed and verified a petition to the Supreme Court, asking leave to sell the said real estate, and proposing the name of Martin V. B. Finch, as special guardian of the plaintiff, and Lemuel Finch and Henry Sproat as sureties for such guardian. On February 4, 1868, the said M. V. B. Finch, with Lemuel Finch and said Sproat as sureties, signed and acknowledged a bond conditioned that the said M. V. B. Finch " should faithfully perform the trust reposed in him as the guardian of the above named infant," and should obey the orders of the court, &c. On February 21, 1868, the petition was presented to the Special Term of this court, and an order was made appointing the said M. V. B. Finch a special guardian for the sale of the property " on his giving his bond in the penal sum of ten thousand dollars, with two sufficient sureties, approved by the court." The bond was also presented to the court, and after having been approved by it, was filed. The usual order of reference was made, and on the coming in of the report of the referee, an order was made that the estate be sold, and that the guardian should have power to.

contract for the sale of the same. On February 29, 1868, the special guardian reported that he had contracted to sell the same to George E. Crapo for $8,900. The report was confirmed by the Special Term, and an order entered providing, among other things, that out of the proceeds of the sale the sum of $2,991.31 should be securely invested by the guardian, and that the income, or so much thereof as was necessary, should be applied to the support and education of the said infant. Thereafter the infant, by a petition dated January 30, 1879, alleging that the guardian had received certain moneys and appropriated them to his own use, applied for an order that the guardian report and render an account, and show cause why he should not pay said sum and compound interest thereon into court. An order was thereupon made on February 7, 1879, requiring the guardian to appear at a Special Term at Albany, on the 25th day of that month, to make a full report and render an account of the funds that have come into his hands, and show cause why he should not pay the money into court, with compound interest. On the said February 25, 1879, Finch failed to appear at the Special Term, and an order was taken by default, requiring him to pay into court the said sum of $2,991.31, with compound interest.

On the trial of this action against the representatives of a deceased surety, the defendants moved for a nonsuit on the ground :

*First.* That the bond being executed more than a fortnight before the proceedings for the sale were commenced, was executed without authority of law, and was void, in the absence of proof that the sureties consented to its use after the order was made.

*Second.* That this action against the sureties would not lie until after an accounting by the guardian, and a judgment or decree of the court fixing the amount due to his ward.

The motion was granted.

*Charles E. Patterson*, for the appellant.

*Esek Cowen*, for the respondents.

PER CURIAM :

It is, we think, the better practice that a bond of the kind in

question should be executed after the order is granted, and should refer to it. But a bond is not void because it was signed and acknowledged previously. Undertakings on attachment and appeal are executed before the attachment is issued or the appeal taken. There is nothing in the bond in question which necessarily implies that the guardian had been previously appointed. If the bond had recited that application was about to be made to appoint Finch guardian for the infant, the language of the rest of the bond would not have been inappropriate, as it now stands, "if he shall faithfully discharge the trust *reposed* in him," &c. No one would have insisted that the language must, in that case, be "which *shall be imposed*," &c. The date and acknowledgment are not conclusive evidence as to the time of delivery. The delivery is shown, by the approval and the filing, to have been after the application had been made and granted. The bond took effect then, and is valid.

Again: the question as to the effect of an accounting by the guardian, so far as the sureties are concerned, is not before us. We have only to inquire whether the guardian, as respects himself, has accounted and been found in arrears, or has failed to obey the order of a court having jurisdiction. A petition was presented alleging that the guardian had received certain moneys and had appropriated them to his own use, and asking that he be required to account, &c. On this an order was granted, requiring him to make a full report of his proceedings and render an account of the funds which had come into his hands, and to show cause why an order should not be made requiring him to pay into court the avails of the sale of real estate, &c. The petition and order were served personally on the guardian. He failed to appear at the return day of the order. This was an admission on his part of the truth of all matters stated in the petition. It was an admission that, to the extent mentioned, he had been guilty of violating his trust and of appropriating trust funds to his own use. No further accounting was necessary. The infant had claimed a certain amount to be due her, and the guardian thus admitted this and also admitted that he had appropriated the money. Thereupon he was ordered to pay the amount into court.

What further accounting need be had? The guardian admits

the receipt of so much money. That is enough to charge him; and it is of no consequence whether he received it in one sum or in a dozen. To discharge himself, he admits that he has appropriated this money to his own use. That does not discharge him. The court then orders him to pay this money into court, and he refuses to do so.

The judgment should be reversed, and there should be a new trial, costs to abide the event.

Present—LEARNED, P. J., BOOKES and FOLLETT, JJ.

Judgment reversed, new trial granted, costs to abide event.